IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KEVIN SUTHERLIN**, individually and on behalf Of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**HOOGLAND FOODS, LLC,** d/b/a **Marco's Pizza, et al.**,<br><br>Defendants. | Case No. 3:18- CV-573-RLM-MGG |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF CASE WITH PREJUDICE**

Comes now the Plaintiff, Kevin Sutherlin, individually and on behalf of similarly situated persons (Collectively "Plaintiffs"), and Defendants Hoogland Foods, LLC d/b/a Marco's Pizza and Keith Hoogland (Collectively "Defendants"), and hereby jointly notify the Court they have resolved the above-referenced action and all claims raised therein. The Parties jointly move the Court for entry of an Order approving the Parties' settlement agreements resolving all claims raised in this matter under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Copies of the settlement agreements are attached to the Parties' contemporaneously-filed Agreed Motion to file under seal as **Exhibit A**. Conditional on approval of their settlement agreement, the Parties hereby stipulate to the voluntary dismissal of this action in its entirety with prejudice under Fed. R. Civ. P. 41(a).

1. Plaintiffs filed a Complaint against Defendants on July 27, 2018 asserting a claim

for back wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. The Parties filed a Stipulation for Stay Pending Binding Arbitration on August 23rd, 2018. The following day the Court entered an order staying the case pending binding arbitration pursuant to the terms of the arbitration agreement between the parties. The Parties continued to engage in negotiations through this stay period and its extensions.

3. Following informal discovery, the Parties engaged in extensive negotiations, and as a result of those negotiations, a settlement was reached that resolves this matter pursuant to the terms presented through a mediator's proposal that was accepted by the Parties.

4. If this case were to continue to be litigated, the Parties would engage in further discovery that would come at great cost, including additional written discovery, Rule 30(b)(6) depositions, and additional electronic discovery and damages analysis.

5. To avoid further litigation costs, the Parties have agreed to settle the claims in this lawsuit. The Parties have agreed to the settlement, which will take effect following the Court's approval. In a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement and the court approves the settlement. *Rampersad v. Certified Installation*, LLC, No. 1:12-CV-00032, 2012 U.S. Dist LEXIS 167156, *2 (E.D. Tenn. Nov. 26, 2012) (Lee, Magis.). The Settlement is between the Parties herein, and will not affect the rights of absent parties.

6. All Parties are represented by experienced and competent counsel and the Parties engaged in extensive negotiations. In addition, counsel for the Parties have discussed at considerable length Plaintiff's assertions and Defendant's defenses, and their respective legal theories in support of their positions. This settlement of these claims results from a *bona fide* compromise between the Parties on a variety of disputed issues of law and fact, including the

applicable reimbursement rate for the use of Plaintiff's vehicle for the benefit of Defendants. The settlement occurred only after informal discovery, including production of payroll and reimbursement records to facilitate both parties' ability to make detailed legal and factual analyses of the claims and defenses, and arms- length negotiation between Plaintiff's counsel and Defendants' counsel. The Parties stipulate that they are resolving the matter to avoid unnecessary further costs, time, and risks associated with continuing this litigation. The Parties also considered the inherent risks in bringing the matter to trial, judicial resources, and the costs and time associated with further litigation and determined a settlement would be in the public's interest.

7. The settlement negotiated in this case reflects a reasonable compromise of the disputed issues and other relevant considerations. All Parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation, negotiation, and settlement process. Counsel for all Parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

8. The Settlement is also fair and equitable because the amounts apportioned to the different Opt-Ins and Plaintiff take into account and are apportioned based on the specific amount of miles driven, rate of reimbursement, and position at which each individual worked as an employee of Defendants.[1]

9. The Parties have also reached an agreement on the amount of attorney fees payable to counsel for the Plaintiffs and Defendants do not oppose an award of attorneys' fees and costs in an amount of $6,000.00. Under 29 U.S.C. § 216(b), "[t]he Court in such action

---

[1] Defendants deny liability and that any damages would be owed to Plaintiffs.

3

shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The agreed upon amount for attorneys' fees and costs was negotiated separately from the amounts paid to Plaintiff after agreement had been reached on the amounts to be recovered by Plaintiff, is a fair and reasonable compromise of the actual fees and costs incurred by Plaintiff's counsel during this near year-litigation and those that will be incurred by Plaintiff's counsel to fully administer the settlement.

10. Because the Settlement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute, Defendants and Plaintiff request that the Court approve the Settlement and enter a final judgment dismissing the case, in its entirety, with prejudice.

WHEREFORE, premises considered, the parties jointly request that their Joint Motion for Court Review and Approval of Settlement and Dismissal of Case with Prejudice be granted and that this case be dismissed in its entirety, with prejudice. A proposed Order granting the Motion is also attached to hereto.

Respectfully submitted,

*/s/ Matthew Haynie*
**Matthew Haynie**
Tx. Bar No. 24087692
**Forester Haynie PLLC**
400 N. St. Paul St., Suite 700
Dallas, TX 75201
(214) 210-2100
matthew@foresterhaynie.com

**Attorney for Plaintiffs**

4

/s/ *Joel Griswold (signed w/ permission)*
Joel C. Griswold
Bonnie Keane DelGobbo
**Baker Hostetler, LLP**
191 N. Wacker Dr., Suite 3100
Chicago, Illinois  60606-1901
(312) 416-8175
bdelgobbo@bakerlaw.com
jcgriswold@bakerlaw.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system.

/s/ Matthew Haynie

5